Do we know you? No. I please the court and counsel again. My name is still Eric Madge. This time I do represent Luis Felipe Lopez-Gramajo, Mr. Lopez. As in the previous case, I represented on appeal. I did not represent him at the district court level. Circumstances of this case, Your Honors, are a little bit different than the previous one. In this particular case, we did not have the same argument waiver. In this particular case, in the, again, in light of the Supreme Court's recent decision, DECOMP, basically what our argument comes down to, in addition to the problem in this particular case of the waiver not meeting the requirements of Rule 11 in order to be effective, but the subsequent setbacks of the waiver. The sentence being above the statutory limitation of two years ultimately would be unconstitutional and enforceable for that reason. Well, we're still talking about waiver, aren't we? Correct, Your Honor, yes. We're still talking about whether the waiver of appeal can be enforceable, correct? The thing that worries me in this particular case for you is that the defendant pleaded guilty to the 1326A with the sentencing enhancement right there in it. Isn't that what happened? That is correct, Your Honor. The plea. So the plea, in the plea agreement as well as what he said in front of the judge, was I guilty of 1326A and the sentencing enhancement. Well, again, Your Honor, this is a case. There he is. He's right there in front of the judge. If one's going to challenge based on some categorical approach or modified categorical approach, that's the place to get it done. He didn't make any challenge like that. Quite opposite.  That is correct, Your Honor. And so in that situation, the poor district court doesn't even have a chance to think about any other problem. And nobody else does. The government doesn't have a chance to bring forth documents. The government doesn't have any chance to deal with the issue as it is. And your client waives the right to appeal, having pled guilty with the sentencing enhancement. Then I'm having trouble for you. Beyond that, you get the PSR, and there was no objection to the enhancement in the PSR, was there? That is correct, Your Honor. That is a part of the facts, and that is not something that I can probably contest or change. However, the problem still goes back to the substance of the plea and the intelligence of the waiver and the circumstances. And in the context that's particular with this particular defendant, there were a number of problems with this particular defendant, understanding exactly what was going to happen to him, as well as multiple frustrations on his part. So what are those exactly? What are those? Yes. What are the circumstances you want us to look at? Because I have the same question as my colleagues here. In this case, the judge specifically inquired of the counsel about the pre-sentence report, and have you had a chance to look at the 16-level? I mean, I know you know the facts, but he just really, it seems to me, went above and beyond to inquire about that in particular. He said, can I get on record that you've read and considered the pre-sentence report, that you've helped Mr. Lopez with the report, helped him understand the content of it, and then, as you know, the lawyer went on and explained that he had and they'd been over it, and I'm not sure what else the district court is supposed to have done. So I just want to invite you to show me what I'm missing, please. Well, again, a lot of this type of circumstance, Your Honor, has a lot to do with the difficulties of processing this volume of this particular type of case with this particular enhancement, which, of course, is very frequent in this particular district. Sure. I appreciate that. So, again, what is it they're supposed to do that they didn't do here? What makes this involuntary? Do you think it went too fast? Is it a question of, you know, English-to-Spanish translation, or what is it? It is, again, this is a problem where strenuous application and following of a checklist cannot remove every problem and lack of understanding with a particular client. There can be simultaneous interpretation. There can be presence of a court interpreter, as there typically is in this district. However, that does not remove the problem of a defendant discovering that his sentence is going to be substantially enhanced by the possibility of an enhancement that is based upon a previous agreement taken in a different district, with which oftentimes he does not have sufficient understanding. Oftentimes, these pleas that are taken in different jurisdictions, different States, have different situations and different applications and different levels of understanding. In the District of Arizona ---- But it sounds to me, forgive me for interrupting, but it sounds to me like what you're saying is that no part of Rule 11 was missed here, but that what he didn't understand is that later he was going to determine that maybe there had been a really good defense, that he knew he was waiving all of them. It's just they didn't appreciate and learned later that perhaps there was one that was missing. That doesn't make the waiver involuntary, counsel. Well, it's more of a lack of ---- if the proper level of understanding is not present in the colloquy, if there is not specific effort to understand exactly what it is that that defendant is giving up, including his waiver. Can you tell me, can you point to a place in the colloquy where you think it was infirm? That's what I'm looking for. Well, in this particular case, I have difficulty in finding, pinpointing the exact moment in which, but the Court makes reference to the problem of discussing the enhancement and the discussion of the enhancement. That is a very technical challenge and a very technical element that many defendants, particularly in this type of situation, in this particular defendant. Isn't there two issues here? I mean, for, you've got the 16 levels, and he's represented by counsel that have been appointed for him, and almost always those counsel are bilingual, by the way, in my experience. Yes. He's represented by counsel, and they didn't file an objection to the 16-level enhancement in the PSR. That's the end of that. So then the waiver of appeal is a separate issue. The 16-level enhancement was waived when you didn't object to it, and then whether or not he overall understood his appeal waiver is a different issue. That is an issue. That is something that we raise as part of our appeal, that the waiver was not Rule 11 compliant. But ultimately, when it comes to the issue of whether the sentence is constitutional, I think that becomes relevant in discussing and examining whether the sentence can, well, it becomes relevant, certainly, in discussing the issue of plain error, which I think is why it becomes an issue of discussion. I'm trying to follow your argument because I, frankly, tried to take somewhat of the same approach. Sometimes when a plea was taken before me, one might not understand it. Even though I go through everything that's there and it's exactly the way it is outlined, one may claim they didn't understand what a 16-level enhancement was, even though one pled to it. But when one gets a pre-sentence investigation report and one goes over the pre-sentence investigation report and it reflects exactly what you pled to, and that is a major increase in enhancement, and one goes over that with counsel, and still they have no objection, and they don't file it, and they don't do anything about it, and they come to the sentencing, and the court goes through that again to try to rectify if he can, make sure there's no misunderstanding, and that's what happened in this record, then how do I have any reason or basis to suggest that one should be able to get out of the plea that one gave, which is to give up his appeal? Again, I think it's important under circumstances such as these, and I'll just try to finish my thought on this, in order to consider the context, the proper context that all of these plea agreements are taking place in, excuse me, in which oftentimes these attorneys can speak, they are in fact bilingual, they can speak English and Spanish, but these attorneys are, such as myself, CJA appointed attorneys, as well as public defenders, are forced with the burden of representing dozens upon dozens of defendants, all of whom have limited and often troubled understanding of even regular Spanish, Castilian Spanish, and under such circumstances, a pre-sentence investigation report can, when a person barely speaks Spanish, let alone English, is of little assistance, even when that attorney does the best in representing that particular defendant, along with the other dozens of defendants that that attorney may not understand 16 points, but they sure understand the guideline range that comes out of it. Depends on the situation. Depends on the particular defendants. But it ought to be reflected someplace in this record so I could seize on it. That's what I was trying to emphasize. I can understand what you're saying, having been there with you, taking the pleas, pronouncing the sentences on good people that did bad things. But my worry is, what in this record can I seize on to help you? Because no question they pled to it. No question they said, I'm not going to appeal. No question the PSR said, this is the result of what you just did. No question everybody came in and said, okay, that's fine with us now. And in that circumstance, and I apologize for the time, but I think it is vital for the court to consider context, as well as other hearings, such as the defense motion to withdraw, which occurred in this case. I would point to that as evidence of this particular defendant's troubled understanding of what precisely he was agreeing to. Under the circumstances in this district and others like it, it is impossible for this court to consider whether a waiver was appropriate and compliant with Rule 11 if this court does not consider the context, as well as other hearings where there was and where there often is. Let me ask you. Usually in Arizona, under your chart, there's a benefit of the bargain, so to speak. And even though this sentence was, because the 16 levels is harsh, was there still in this plea agreement some benefit of the bargain as opposed to an open plea? Well, certainly, under the certain, in light of DECOMP, there would not be such a benefit of the bargain in this particular plea agreement. And it would be a significant problem at that point. Well, that really suggests that in hindsight, there wasn't as much benefit as we thought. But I think my colleague's question is dead on point. Given what was going on at the time and what one had, there was some benefit, or they wouldn't have entered into it. In retrospect, that ---- In retrospect, given that you want to argue DECOMP and it comes down and there's all kinds of stuff.  All right. Thank you. Any argument from the government? Good morning again, Your Honors. Erica Sager on behalf of the District of Arizona. In this case, the record is very clear that the defendant was advised of the waiver of his right to appeal on actually five separate occasions. The first was in the plea agreement that he signed that was also explained to him by his defense attorney and signed by the defense attorney. The second was during the change of plea, called a plea before the magistrate court, where first he was advised that the maximum penalty was up to 20 years. He was advised that the plea agreement called for a range of 30 to 78 months. And again, similar to the previous case, this plea agreement only contained ranges for a 16-level enhancement and not any other ranges. And also during the plea, called a plea, he was advised that he was giving up his right to appeal. And then he went before the district court judge who first told him that provided he was sentenced within the range per criminal history category he fell in, he was giving up his right to appeal. And then at the end of the sentencing hearing, the district court specifically made a finding that the defendant had knowingly, voluntarily waived his right to appeal. So on every step throughout this defendant's case, he was advised of his right to appeal  And so because of that, this case should be dismissed based on the appellate waiver contained in the plea agreement. Any other argument? I'm going to take that as a hint, Your Honor, and say no, unless the court has any other questions. I have none. Nope. All right. Thank you. Case 13-10302 is submitted.
judges: Piersol, SMITH, CHRISTEN